**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**JOYCE BLANCHARD**                                                                                          **PLAINTIFF**

v.                                                                                                                    No. 1:23-cv-116-JMV

**KILOLO KIJIKAZI,**
*ACTING COMMISSIONER OF SOCIAL SECURITY*                                             **DEFENDANT**

**ORDER ON PETITION FOR ATTORNEY FEES**

Before the Court are Plaintiff's motion [21] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and corresponding memorandum [22]. For the reasons that follow, the motion will be granted.

In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. On January 30, 2024, the Commissioner filed an unopposed motion to remand [14] the case to the Social Security Administration. That next day, this Court's order [16] granted said motion and reversed the Commissioner's decision and remanded to the Social Security Administration for further proceedings. A party who obtains a remand in a social security appeal pursuant to the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

Plaintiff, through her motion, seeks attorney fees in the amount of $8,004.00. In support of the motion, Plaintiff's counsel submitted a statement regarding the time expended litigating this action. According to the motion, outside counsel for Plaintiff's attorney spent a total of 32.1 hours on this case at a rate of $240 per hour. Additionally, 3 hours of paralegal work at a rate of $100 per hour is included.

The Court, having thoroughly considered the motion, noting that the defendant does not oppose the motion, and the applicable law, finds the requested award is reasonable; and no special circumstance would make the award unjust.

Therefore, it is ordered that the Commissioner shall promptly pay Plaintiff $8,004.00 in attorney fees for the benefit of her counsel. As a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's attorney.

**SO ORDERED**, this the 4th day of April, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**